**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. MJ-17-0340-TUC-BGM |
| Plaintiff, | |
| v. | **ORDER** |
| Caitlin Persis Deighan, *et al.* | |
| Defendants. | |

Currently pending before the Court is Defendants Caitlin Persis Deighan, Zoe E. Anderson, Logan Thomas Hollarsmith, and Rebecca Katie Grossman-Richeimer's (collectively "Defendants") Motion for Bill of Particulars (Doc. 47). The Government has filed its response, and Defendants have replied. Govt.'s Response to Defs.' Mot. for a Bill of Particulars (Doc. 53); Defs.' Reply to Response to Mot. for Bill of Particulars (Doc. 55). Defendant Caitlin Persis Deighan is charged with one (1) count of operating a motor vehicle in a wilderness area, and all Defendants are charged with one (1) count of entering a national wildlife refuge without a permit. Information (Doc. 1).

On March 30, 2018, oral argument was held before Magistrate Judge Macdonald regarding the motion. Minute Entry 3/30/2018 (Doc. 57). The Court took the matter under advisement, and it is ripe for adjudication.

. . .

. . .

## I. FACTUAL BACKGROUND

On July 19, 2017 Federal Wildlife Officer ("FWO") Jose Valenzuela received information of individuals in an area called Charlie Bell Pass/Well of the Cabeza Prieta National Wildlife Refuge. Govt.'s Aff. (Doc. 18) at 2.[1] At approximately 7:30 p.m., FWO Valenzuela received a call to investigate trespassing in a designated wilderness area of Charlie Bell area which is located on the Cabeza Prieta National Wildlife Refuge. *Id.* at 2. While en route to the Charlie Bell area, FWO Valenzuela heard radio traffic between Border Patrol dispatch and a Border Patrol agent in the area. *Id.* At the refuge exit, a Border Patrol agent was following a white vehicle when FWO Valenzuela met them. *Id.*

The driver was identified as Caitlin Persis Deighan, and the three passengers were identified as Logan Thomas Hollarsmith, Zoe E. Anderson, and Rebecca Katie Grossman-Richeimer. *Id.* at 2–3. FWO Valenzuela's affidavit is unclear regarding whether the Defendants had visitor permits in their possession; however, the indictment is clear that Defendants did not have valid permits. Govt.'s Aff. (Doc. 18) at 3; *see* Indictment (Doc. 1). Defendant Deighan admitted driving down to the well past the signs saying "government use only." Govt.'s Aff. (Doc. 18) at 3. Defendants stated that they had not noticed any signs. *Id.* During FWO Valenzuela's recording of Defendants identification and vehicle information, the Border Patrol agent interviewed the individuals about damage to a United States Border Patrol camera. *Id.* at 3–4.

## II. ANALYSIS

Defendants seek a bill of particulars regarding the charges filed against them. Defendants assert that "[g]iven the nature of the co-defendants' work with No More Deaths, and their possibly multiple encounters with law enforcement on the date of the alleged violations, it is not clear specifically which conduct the Government alleges to be a violation." Defs.' Mot. for Bill of Particulars (Doc. 47) at 6.

---

[1] The court relies on the ECF pagination for pinpoint citations.

The purpose of a bill of particulars is to reduce surprise; enable adequate trial preparation; and to protect the defendant against being placed in double jeopardy. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). In determining whether or not to grant a request for a bill of particulars, the Court must consider whether the indictment is so vague that a bill of particulars is required. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). "A defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (citing *Geise*, 597 F.2d at 1181) (emphasis in original). Moreover, "[f]ull discovery . . . obviates the need for a bill of particulars." *Geise*, 597 F.2d at 1180.

In *United States v. Mancuso*, 718 F.3d 780 (9th Cir. 2013), the defendant "moved for a bill of particulars, seeking specific information concerning the dates and places that he was alleged to have possessed cocaine with intent to distribute, and occasions when he was alleged to have distributed cocaine, including identification of any witnesses to such transactions. *Id.* at 788. "The district court denied the motion, stating that the prosecution's theory of the case was clear from the indictment and that full discovery would obviate the need for a bill of particulars." *Id.* The Ninth Circuit Court of Appeals rejected Mancuso's claim that the indictment failed to provide him the constitutionally required notice. *Id.* at 789–90.

Here, the Government has filed an affidavit outlining the events that resulted in the charges brought against Defendants. The prosecution's theory of the case is clear from the indictment and affidavit. Furthermore, the affidavit along with any discovery will sufficiently enable Defendants to prepare their defenses for trial. *See United States v. Ayers*, 924 F.2d 1468, 1484 (9th Cir. 1991). A bill of particulars is unnecessary.

### III. CONCLUSION

Based upon the foregoing, the Court finds Defendants' Motion for Bill of Particulars (Doc. 47) is without merit. Accordingly, IT IS HEREBY ORDERED that

Defendants' Motion for Bill of Particulars (Doc. 47) is DENIED.

Dated this 1st day of May, 2018.

Honorable Bruce G. Macdonald
United States Magistrate Judge