1  ELIZABETH A. STRANGE
   First Assistant United States Attorney
2  ANNA WRIGHT
   Assistant U.S. Attorney
3  NATHANIEL J. WALTERS
   Assistant U.S. Attorney
4  State Bar No.: 029708
   405 West Congress, Suite 4800
5  Tucson, Arizona  85701-5040
   Telephone: (520) 620-7300
6  E-mail: anna.wright@usdoj.gov
   E-mail: nathaniel.walters@usdoj.gov
7  Attorneys for Plaintiff

8              IN THE UNITED STATES DISTRICT COURT

9                  FOR THE DISTRICT OF ARIZONA

10  United States of America,                17-mj-00340-N/A-BGM

11                      Plaintiff,
                                          GOVERNMENT'S RESPONSE IN
12                                        OPPOSITION TO DEFENDANTS'
           vs.                            SECOND MOTION FOR VIDEOTAPED
13                                        DEPOSITION PURSUANT TO RULE 15

14  Caitlin Persis Deighan,
    Zoe Ellen Anderson,
15  Logan Thomas Hollarsmith, and
16  Rebecca Katie Grossman-Richeimer,

17                      Defendants.

18
         The United States of America, by and through its undersigned attorneys, hereby
19
    respectfully responds in opposition to the defendants' request to either take Jorge Duarte-
20
    Rodriguez's testimony by video, either through a pretrial deposition or at trial. Doc. 157.
21
    The government respectfully requests that the Court deny the motion because there are no
22
    exceptional circumstances to justify the request, and the defendants have not made timely
23
    good faith efforts to secure his presence at trial.
24
    I.       Video Deposition
25
         Rule 15 allows for the pretrial deposition of a trial witness if there are "exceptional
26
    circumstances and [it is] in the interest of justice." Fed. R. Crim. P. 15(a). Exceptional
27
    circumstances exist if there is reason to believe that the witness will be unavailable for trial,
28
    the witness's testimony would be favorable to the moving party, and the moving party has

made a "good faith effort to obtain the witness's presence at trial." *United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995); *see also United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998).

Courts analyze the witness's potential unavailability for trial under Federal Rule of Evidence 804(a). *See United States v. Olafson*, 213 F.3d 435, 441 (9th Cir. 2000). As relevant here, Rule 804 allows for the introduction of hearsay if a witness is unavailable because he "cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness," or he "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure" the witness's attendance. Fed. R. Evid. 804(a)(4), (a)(5)(A).

In addition to demonstrating that exceptional circumstances exist, the moving party must also "give every other party reasonable written notice of the deposition's date and location." Fed. R. Crim. P. 15(b)(1). Notice is not reasonable if it is given close in time to trial, especially if the moving party could have given notice sooner. *See United States v. Omene*, 143 F.3d 1167, 1169 (9th Cir. 1998).

As an initial matter, Mr. Rodriguez-Duarte's residence in Mexico is not an exceptional circumstance under Federal Rule of Criminal Procedure 15. Under Rule 804, Mr. Rodriguez-Duarte is clearly available to testify at trial, since the defendants could secure his presence at trial through "process or other reasonable means." While there is no information about what steps, if any, the defendants have taken to secure Mr. Rodriguez-Duarte's presence at trial, the defendants could potentially secure his presence by applying for his parole into the United States for the sole purpose of testifying at trial. As such, the defendants have failed to show that Mr. Rodriguez-Duarte is unavailable within the meaning of Rule 804 or that they have made good faith efforts to secure his presence.

In addition, the defendants' choice to wait until the eve of trial to give insufficient notice is not reasonable. The defendants have been aware of Mr. Rodriguez-Duarte's potential testimony at least since their counsel noticed him as a witness in the related matter on January 2, 2019. *See* Doc. 141 at ¶ 14 in *United States v. Hoffman*, 17-MJ-339-N/A-

BPV. In addition, the defendants also failed to comply with Rule 15's other notice requirements related to naming the time and place of the deposition, as well as providing the witness's address. The defendants' untimely and insufficient notice causes an unfair prejudice to the government by requiring the government to conduct a portion of the trial before the date set by the Court and without having received any disclosure as to Mr. Rodriguez-Duarte's potential testimony. In addition, the government cannot, in the month before trial, travel to Mexico to unnecessarily depose a witness.

There are no exceptional circumstances to justify a pretrial deposition of Mr. Rodriguez-Duarte, and the defendants have not made timely or good faith efforts to secure his presence at trial. For these reasons, and to avoid unfair prejudice to the government, the Court should deny the defendants' request for a pretrial video deposition.

## II.   Video Testimony

Similarly, the Court should not allow video testimony at trial by Mr. Rodriguez-Duarte because the defendants have not made good faith and timely efforts to secure his presence at trial, and video testimony raises concerns not present with in-person testimony. Testifying at trial in the physical presence of the Court has a "profound [truth-inducing] effect upon a witness," *United States v. Carter*, 907 F.3d 1199, 1207 (9th Cir. 2018) quoting *Coy v. Iowa*, 487 U.S. 1012, 1020 (1988), such that face-to-face confrontation is the preferred method of taking testimony. For instance, given the limitations of video testimony, it will be difficult to ensure the identity of the witness, and that the witness is not improperly referencing documents during his testimony, or being influenced or coached. *See Carter*, 907 F.3d at 1207. In addition, the consequences for contempt or perjury are remote at best for a witness testifying by video from outside the jurisdiction of the United States. Accordingly, the Court should deny the defendants' request to allow Mr. Rodriguez-Duarte to testify at trial by video as untimely, unnecessary and not in the interests of justice.

///

III.    **Conclusion**

The defendants have not made good faith and timely efforts to secure Mr. Rodriguez-Duarte's presence at trial. Accordingly, the Court should deny the defendants' untimely request to conduct a pretrial video deposition of Mr. Rodriguez-Duarte or to take his testimony by video.

Respectfully submitted this 7th day of February, 2019.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*/s/ Anna R. Wright & Nathaniel J. Walters*

ANNA WRIGHT &
NATHANIEL J. WALTERS
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by
other means this 7th day of February, 2019, to:

All ECF participants